**[Cite as *State v. Kopietz*, 2019-Ohio-5277.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                               Court of Appeals No. L-19-1037

      Appellee                                          Trial Court Nos.  CR0201802855
                                                                                            CR0201601147
v.

Carl Kopietz                                             **DECISION AND JUDGMENT**

      Appellant                                         Decided:  December 20, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 21, 2019 judgment of the Lucas County

Common Pleas Court denying appellant's motion to dismiss.

{¶ 2} Appellant submits a single assignment of error:

THE TRIAL COURT ERRED WHEN IT DENIED MR. KOPIETZ'S MOTION TO DISMISS BASED ON THE INTERSTATE ACT ON DETAINERS.

{¶ 3} The following facts are relevant to this appeal. On January 26, 2016, an indictment charged appellant with two counts of identity fraud, two counts of receiving stolen property, and two counts of forgery committed in Sylvania, Ohio, on July 23, 2015.

{¶ 4} Appellant failed to appear for arraignment and a capias was issued.

{¶ 5} On March 17, 2017, while incarcerated in Buena Vista, Colorado, appellant filed a motion to quash the warrant based on the Interstate Agreement on Detainers. The court denied the motion on August 28, 2017.

{¶ 6} On October 31, 2017, while still incarcerated in Colorado, appellant filed a "Motion for a Writ of Habeas Corpus" requesting to be brought to Ohio to defend the charges brought against him. However, no law enforcement agency from Ohio issued a detainer for appellant during his term of confinement in Colorado.

{¶ 7} Appellant was paroled in Colorado on August 9, 2018. However, unlike Ohio, the state of Michigan placed a detainer on appellant. Therefore, upon his release from the Colorado Department of Corrections, he was transferred to the custody of the Michigan Department of Corrections.

**{¶ 8}** Ultimately, while in custody of the Michigan Department of Corrections, the state of Ohio placed a detainer on appellant.

**{¶ 9}** On October 11, 2018, appellant was indicted by the Lucas County Grand Jury on two counts of burglary, a count of theft, and a count of identity fraud, all of which were committed in a different time and place than the crimes charged in the first indictment.

**{¶ 10}** Appellant was arrested on the Ohio charges on October 28, 2018.

**{¶ 11}** Appellant sought dismissal of both charges before the trial court based upon both Ohio's speedy trial statute, R.C. 2945.71, and the Interstate Act on Detainers (IAD), R.C. 2963.30.

**{¶ 12}** Appellant now asserts error as to the trial court's determination that his speedy trial rights were violated pursuant to the terms of the IAD.

**{¶ 13}** In support of his position, appellant cites a decision issued by the Washington Supreme Court. In *State v. Welker*, 141 P.3d 8 (Wash.2006), the Washington high court construed the IAD alongside Washington's speedy-trial statute. *Id.* at 8. The court found it fundamentally fair to require the prosecutor to act in good faith and due diligence in bringing a defendant to trial in the state of Washington. *Id.* The court concluded that once a prosecutor had actual knowledge of an incarcerated defendant's location in a sister state, the prosecutor was obligated to exercise good faith and due diligence in filing a detainer against the individual. *Id.*

3.

{¶ 14} Before imposing this implicit duty, the *Welker* court acknowledged that "under the IAD there is no statutory duty of good faith and due diligence imposed on prosecutors to bring a defendant to trial." *Id.*

{¶ 15} Appellant further invites this court to reject the analysis of the Twelfth District in *State v. Anderson*, 189 Ohio App.3d 697, 2010-Ohio-5068, 939 N.E.2d 1317, ¶ 15 (12th Dist.). In that case, when confronted with the same issue, the court concluded that the IAD has no applicability until a detainer comes into being.

{¶ 16} The language of the IAD is explicit.

{¶ 17} R.C. **2963**.**30**, Article III(a) requires:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint *on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice* of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may

grant any necessary or reasonable continuance. *The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.* (Emphasis added).

{¶ 18} We agree with the court in *Anderson*. Imposing a duty upon the state that is not contained in the text of the IAD exceeds the bounds of judicial interpretation and crosses into the territory of legislation. *Anderson* at ¶ 22.

{¶ 19} We therefore reject appellant's argument and decline to impose an implied obligation on the state to file a detainer upon a defendant who is in custody of another state. Appellant's sole assignment of error is found not well-taken.

## Conclusion

{¶ 20} The judgment of the Lucas County Common Pleas Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                    _____
                                                                        JUDGE
Thomas J. Osowik, J.

Gene A. Zmuda, J.                                   _____
CONCUR.                                                           JUDGE

                                                              _____
                                                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.